UNITED STATES DISTRICT COURT   No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06547-RGK-MAR | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Nora Gutierrez v. Converse Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 17]

## I.  INTRODUCTION

On July 5, 2023, Nora Gutierrez ("Plaintiff") filed a class action Complaint against Converse Inc. ("Defendant") in Los Angeles County Superior Court alleging violations of California's Invasion of Privacy Act ("CIPA") and Comprehensive Computer Data Access and Fraud Act ("CDAFA"). (ECF No. 1-1.) On August 10, 2023, Defendant removed the action to federal court on the basis of diversity jurisdiction. (ECF No. 1.)

Presently before the Court is Defendant's Motion to Dismiss. (ECF No. 17.) For the following reasons, the Court **GRANTS** the Motion in part.

## II.  FACTUAL BACKGROUND

Plaintiff alleges the following:

Defendant is an apparel company that sells shoes, clothing, sports gear, and accessories on its website (the "Website"). (Compl. ¶ 8.) Plaintiff visited the Website and utilized its "chatbox" feature whereby customers can communicate directly with Defendant. (*Id.*) Unbeknownst to Plaintiff, the Website contained code that intercepts and diverts messages from the chatbox to third-party companies like Live Agent.[1] (*Id.* ¶ 9.) This enables Live Agent to eavesdrop on the Website's users in real time and to store users' information for Live Agent's own purposes. (*Id.* ¶¶ 10, 13–14.) Defendant failed to inform the Website's users that their communications were being monitored and stored in this manner. (*Id.* ¶ 8.) While the Website contains a privacy agreement that discloses certain types of information that

---

[1] The Complaint refers to unspecified third-party companies in some places but refers to only Live Agent in other places. For the sake of brevity, the Court assumes that all unspecified third-party conduct may be attributed to Live Agent and therefore refers to only Live Agent in this Order.

UNITED STATES DISTRICT COURT  No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06547-RGK-MAR | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Nora Gutierrez v. Converse Inc.* | | |

Defendant collects, Defendant did not seek or otherwise obtain Plaintiff's consent to have Defendant or Live Agent record and surveil her conversations. (*Id.* ¶¶ 8, 11–16.)

### III.   JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV.   DISCUSSION

Plaintiff sets forth two causes of action against Defendant: (1) a CIPA violation under California Penal Code section 631, and (2) a CDAFA violation under California Penal Code section 502. Defendant moves to dismiss both causes of action for failure to state a claim under Rule 12(b)(6). The Court addresses each cause of action in turn.

#### A.   CIPA Violation

Section 637.2 of the California Penal Code authorizes civil liability for CIPA violations under section 631(a). CIPA contains three clauses, each prohibiting a "distinct and mutually independent pattern[] of conduct." *Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192 (1978). Clauses one through three, respectively, prohibit: (1) intentional wiretapping, (2) willful attempts to learn the contents of communications, and (3) the use of any information obtained through the activities proscribed in the first two clauses. *Id.* A defendant may be held directly liable for violating any of these clauses, or for aiding and abetting a third party's violation of these clauses. Cal. Penal Code § 631(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

No JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06547-RGK-MAR | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Nora Gutierrez v. Converse Inc.* | | |

Plaintiff appears to argue that Defendant is both directly liable for violations of CIPA, and indirectly liable for aiding and abetting Live Agent's violations of CIPA. The Court addresses each theory in turn.

    1.    *Direct Liability*

Plaintiff alleges that Defendant is directly liable for violating each clause of CIPA. However, a party cannot violate CIPA if they are an intended participant in the communication because "[p]arties to a conversation cannot eavesdrop on their own conversation." *Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022); *see also Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) ("[CIPA] has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation."). As such, this theory fails as a matter of law.

Plaintiff does not appear to request leave to amend in her Opposition. Nonetheless, leave to amend as to this theory would not be justified because further amendment would be futile given that this theory fails as a matter of law. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that "futility of amendment" counsels against granting leave to amend). Accordingly, the Court **DISMISSES** Plaintiff's theory of direct liability **with prejudice**.

    2.    *Aiding and Abetting Liability*

Plaintiff also alleges that Defendant is indirectly liable for aiding and abetting Live Agent's violations of each clause of CIPA. Defendant sets forth several arguments as to why Plaintiff fails to state a claim under this theory. The Court addresses each argument in turn.

    a.    *Consent*

Defendant argues that Plaintiff fails to state a CIPA claim under the aiding and abetting theory for violations of clauses one, two, and three because Plaintiff consented to Defendant's collection and sharing of Plaintiff's information with Live Agent.

To establish a CIPA violation under clauses one through three, a plaintiff must plead that a party willfully read or attempted to read the contents of a private communication without the plaintiff's consent. Cal. Penal Code § 631(a).

Here, Plaintiff alleges that she did not expressly or impliedly consent to Defendant's actions. (Compl. ¶ 26.) Plaintiff also alleges that Defendant failed to inform her that her conversations were being recorded, monitored, and stored by Live Agent. (*Id.* ¶¶ 8, 10.) Nonetheless, Defendant argues that the Website's privacy policy discloses that Defendant may collect and share Plaintiff's information. However, even when a website contains privacy clauses, a plaintiff's pleading that she did not consent to

UNITED STATES DISTRICT COURT                                No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06547-RGK-MAR | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Nora Gutierrez v. Converse Inc.* | | |

the recording of private communications is sufficient to survive a motion to dismiss. *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073 (C.D. Cal. 2021); *see also Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1178–79 (9th Cir. 2014) (finding that a privacy policy does not negate consent when its terms are only "available via a conspicuous hyperlink"). Therefore, despite the Website's privacy policy, Plaintiff pled sufficient facts to plausibly allege that she did not consent to the recording of her communications with Defendant. Thus, this argument fails.

    b.  *How Plaintiff Accessed the Website*

  Defendant also argues that Plaintiff fails to state her claim under the aiding and abetting theory for a violation of clause one because Plaintiff fails to allege that she accessed the chat feature via telephone. Defendant contends that clause one applies only to telephone communications, thus Plaintiff's failure to allege her use of a telephone is fatal to her claim. Defendant misstates the law. "Though written in terms of wiretapping, [CIPA] applies to Internet communications." *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022). While Plaintiff does not specify precisely how she accessed the Website, because the Website is only accessible via Internet, she has sufficiently alleged that she accessed the Website in a manner protected by CIPA. Thus, this argument also fails.

    c.  *Third Party Eavesdropping in Real Time*

  Defendant also argues that Plaintiff fails to state her claim under the aiding and abetting theory for violations of clauses one, two, and three because she fails to allege that Live Agent acted as a third party who eavesdropped in real time.

  To establish a CIPA violation, a plaintiff must show that a third party eavesdropped in their conversation in real time. *See Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975) ("[O]nly a third party can listen secretly to a private conversation."); *Ribas v. Clark*, 38 Cal. 3d 355, 360 (1985) (distinguishing between "secondhand repetition" and "simultaneous dissemination" of a conversation). One is not considered a third-party eavesdropper when they merely provide a tool that allows another party to record and analyze its own data. *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021). However, whether a party is acting like a third-party eavesdropper or merely providing a tool is generally a question of fact. *Yoon*, 549 F. Supp. 3d at 1081.

  Here, Plaintiff alleges that Defendant allowed Live Agent to eavesdrop on Plaintiff's conversations in real time. (Compl. ¶¶ 13, 14.) Defendant disputes these allegations, suggesting that contrary to the Complaint, Live Agent merely provided a recording tool to which only Defendant had access to the recordings, much like a tape recorder. However, whether Live Agent was eavesdropping or merely providing a tool is inappropriate for resolution at the pleading stage, where the Court accepts all factual allegations as true. *See Tellabs*, 551 U.S. at 322. Thus, this argument also fails.

UNITED STATES DISTRICT COURT    No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06547-RGK-MAR | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Nora Gutierrez v. Converse Inc.* | | |

        d.    *Contents of Communication*

Lastly, Defendant argues that Plaintiff fails to state a CIPA claim under the aiding and abetting theory for violations of clauses two and three because Plaintiff fails to allege that the contents of her communications were shared with Live Agent.

CIPA prohibits a party from reading, attempting to read, or learning "the contents or meaning of any message, report, or communication." Cal. Penal Code § 631(a). Because CIPA fails to define "contents," federal courts look to the analogous Federal Wiretap Act for guidance. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) (drawing analogies between CIPA and the Wiretap Act); *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 517 (C.D. Cal. 2021) (applying the federal definition of "contents" to a CIPA claim). The Federal Wiretap Act defines contents as "any information concerning the substance, purport, or meaning of [a] communication." 18 U.S.C. § 2510(8). "[C]ontents refers to the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message," such as a party's name or subscriber number, or other miscellaneous information like IP addresses, keystrokes, and pages viewed. *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014); *Yoon*, 549 F. Supp. 3d at 1082.

Here, Plaintiff alleges that she "utilized" the chatbox feature on the Website, and that the Website's code intercepts and diverts any messages sent in the chatbox to Live Agent. (Compl. ¶¶ 8–9.) Defendant argues that these allegations are insufficient because although she alleges that Live Agent receives messages sent in the chatbox, she fails to specifically allege that she sent any messages, instead vaguely alleging that she "utilized" the chatbox. Defendant's argument overlooks the obvious, however. Presumably, the only way the chatbox can be utilized is by sending messages. The Court is not aware of any other manner in which the chatbox could be utilized. But setting aside the semantics, when construed in the light most favorable to Plaintiff, her utilization of the chatbox may be plausibly interpreted to have involved sending messages, thereby meeting this aspect of her claim. *See Davis*, 691 F.3d at 1159. Thus, this argument also fails.

Because each of Defendant's proffered arguments for dismissing Plaintiff's CIPA claim under an aiding and abetting theory fail, the theory survives.

In sum, the Court **DISMISSES** Plaintiff's CIPA claim under the theory of direct liability. Plaintiff's CIPA claim under the theory of aiding and abetting liability survives.

    **B.**    <u>**CDAFA Violation**</u>

CDAFA imposes liability on a person who "[k]nowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

No JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06547-RGK-MAR | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Nora Gutierrez v. Converse Inc.* | | |

copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network." Cal. Penal Code § 502(c)(2).

Plaintiff alleges that Defendant is liable under CDAFA for obtaining data from her computer without her permission. Defendant argues that this claim fails because Plaintiff fails to allege that Defendant lacked permission and that she suffered damages from Defendant's actions. The Court addresses each argument in turn.

    1.    <u>*Without Permission*</u>

Defendant argues that Plaintiff's CDAFA claim should be dismissed because Plaintiff failed to plead that Defendant acted without permission.

Again, a party is liable under the CDAFA only if they access computer data without permission. *Id.* Although the CDAFA does not define the term "without permission," district courts have interpreted the term to require the defendant to act "in a manner that overcomes technical or code-based barriers." *In re iPhone Application Litig.*, 2011 WL 4403963, at *12 (N.D. Cal. Sept. 20, 2011); *New Show Studios LLC v. Needle*, 2014 WL 2988271, at *7 (C.D. Cal. June 30, 2014). Thus, the mere fact that a plaintiff does not consent to an action does not create liability under the CDAFA. For example, in *In re Facebook Privacy Litigation*, the district court dismissed a CDAFA claim against a website operator for "nonconsensual transmissions" of user data from the operator's website to third parties, explaining that "there were clearly no technical barriers blocking [d]efendant from accessing its own website." 791 F. Supp. 2d 705, 716 (N.D. Cal. 2011).

Here, Plaintiff alleges that Defendant's code "embeds content from another website" and "intercepts the inquiries that consumers believe are being sent directly to [Defendant] and diverts them to [Live Agent]." (Compl. ¶ 9.) In this manner, Plaintiff alleges that Defendant acted without her permission in the ordinary sense. However, Plaintiff fails to allege that Defendant acted without her permission as required by the CDAFA, as she fails to allege that Defendant overcame any technical or code-based barriers. While Plaintiff uses the nefarious-sounding terms "intercepts" and "diverts," she does not suggest that Defendant overcame any barriers in doing so. Indeed, Defendant would not have encountered any barriers considering that Defendant controlled the Website and presumably designed the Website to facilitate the so-called "interception" and "diversion" of these messages. In this manner, Plaintiff's allegations are nearly identical to those in *In re Facebook*, as there are similarly no technical barriers blocking Defendant from using its own Website. Thus, the Court may dismiss Plaintiff's CDAFA claim on this ground. However, for the sake of completeness, the Court further addresses Defendant's alternative ground for dismissal.

UNITED STATES DISTRICT COURT  No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06547-RGK-MAR | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Nora Gutierrez v. Converse Inc.* | | |

2. *Damages*

Defendant also argues that Plaintiff's CDAFA claim should be dismissed because Plaintiff failed to plead that she suffered damages from Defendant's conduct.

Only an individual "who suffers damage or loss by reason of a violation" may bring an action for a CDAFA violation. Cal. Penal Code § 502(e)(1). Accordingly, "[p]laintiffs must plead some injury emanating from [Defendant's] alleged [CDAFA] violations to survive the Motion to Dismiss." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1219 (N.D. Cal. 2014); *see also NovelPoster*, 140 F. Supp. 3d at 951. However, the threshold for damages under a CDAFA claim is minimal. *Lindsay-Stern v. Garamszegi*, 2015 WL 12645024, at *3 (C.D. Cal. Apr. 15, 2015).

Here, Plaintiff does not make any factual allegations about damages. Nonetheless, Plaintiff argues that such allegations are not required because, as courts such as *In re Google Android Consumer Privacy Litigation* have recognized, the CDAFA "does not include a monetary threshold for damages." (Pl.'s Opp'n at 15, ECF No. 21 (quoting 2013 WL 1283236, at *11 (N.D. Cal. Mar. 26, 2013).) Plaintiff's argument falls short. The fact that there is no monetary threshold does not mean that no allegations are required. This is made clear by the fact that in Plaintiff's cited case, the sentence immediately preceding her quote states: "In order to state a claim under the CDAFA, **Plaintiffs must allege they suffered damage or loss by reason of a violation of Section 502(c).**" *In re Google Android*, 2013 WL 1283236, at *11 (emphasis added). While Plaintiff is correct that she need not meet a certain threshold, she is incorrect that she need not allege any damages. Thus, the Court may dismiss Plaintiff's CDAFA claim on this ground as well.

Having found multiple pleading deficiencies, dismissal of this claim is appropriate. As noted above, Plaintiff did not request leave to amend. In any event, leave to amend would be improper because further amendment would be futile given that Plaintiff cannot plausibly allege that Defendant overcame barriers necessary to act without permission, or that Plaintiff suffered damage as a result of Defendant's alleged sharing of her communications. *See Foman*, 371 U.S. at 182. Accordingly, the Court **DISMISSES** Plaintiff's CDAFA claim **with prejudice**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

No JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06547-RGK-MAR | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Nora Gutierrez v. Converse Inc.* | | |

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendant's Motion to Dismiss. Specifically, the Court **DISMISSES with prejudice** Plaintiff's CIPA claim under the theory of direct liability and **DISMISSES with prejudice** Plaintiff's CDAFA claim. Plaintiff's CIPA claim under the theory of aiding and abetting liability survives.

**IT IS SO ORDERED.**

|   |   : |
|---|---|
| Initials of Preparer | JRE/sf |